# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Michael Jones,
     Petitioner,

    vs.
                                     Case No. 1:03cv490
                                      (Watson, J.; Black, M.J.)

Anthony J. Brigano,
     Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's answer. (Docs. 2, 23).

## Procedural Background

The 1994 term of the Hamilton County, Ohio, grand jury indicted petitioner on one count of aggravated murder as defined in Ohio Rev. Code § 2903.01 with a firearm specification. (Doc. 4, Ex. 1). A jury found petitioner guilty of murder with a firearm specification. (*Id.,* Ex. 2). On August 22, 1994, the trial court sentenced petitioner to a prison term of fifteen (15) years to life with respect to the murder count, and to a three (3) year consecutive sentence for the firearm specification. (*Id.*).

With the assistance of counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, First Appellate District, raising the following assignments of error:

1. THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF APPELLANT JONES BY PERMITTING THE PROSECUTION TO MAKE IMPROPER AND PREJUDICIAL ARGUMENTS, AND BY PERMITTING THE PROSECUTION TO COMMENT ON MATTERS NOT SUPPORTED BY THE EVIDENCE, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, AND TO HIS RIGHTS UNDER ARTICLE I SECTION 9 OF THE OHIO CONSTITUTION.

2. APPELLANT JONES WAS DEPRIVED OF HIS RIGHTS OF DUE PROCESS, TO A FAIR TRIAL AND AGAINST CRUEL AND UNUSUAL PUNISHMENT UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND THE EIGHTH AMENDMENT AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION, RESPECTIVELY, WHEN THE TRIAL COURT REFUSED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF INVOLUNTARY MANSLAUGHTER.

3. APPELLANT JONES WAS DEPRIVED OF HIS RIGHTS OF DUE PROCESS, TO A FAIR TRIAL AND AGAINST CRUEL AND UNUSUAL PUNISHMENT UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND THE EIGHTH AMENDMENT AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION, RESPECTIVELY, WHEN THE TRIAL COURT REFUSED TO INSTRUCT THE JURY ON THE APPELLANT'S DEFENSE OF ACCIDENT.

4. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT INSTRUCTED THE JURY ON AIDING AND ABETTING WITHOUT EVIDENCE HAVING BEEN ADDUCED AT TRIAL TO SUPPORT THE INSTRUCTION. AS A RESULT, THE INSTRUCTION OPERATED TO RELIEVE THE STATE OF ITS BURDEN TO PROVE EVERY ELEMENT OF THE OFFENSE CHARGED, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

5. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL IN VIOLATION OF THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 9, 10, AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

6. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT AND IN VIOLATION OF HIS RIGHTS TO DUE PROCESS OF LAW UNDER THE UNITED STATES AND OHIO CONSTITUTIONS BY DENYING APPELLANT'S RULE 29 MOTION, AND BY ENTERING A JUDGMENT OF CONVICTION FOR MURDER FOR THE REASON THAT THERE WAS INSUFFICIENT EVIDENCE PRODUCED TO SUPPORT A CONVICTION FOR THAT OFFENSE.

7. THE JUDGMENT OF CONVICTION FOR MURDER IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

8. THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ALLOWING THE PROSECUTOR TO IMPEACH HIS OWN WITNESS IN VIOLATION OF OHIO EVIDENCE RULE 607.

(*Id.,* Ex. 3).  On September 27, 1995, the Ohio Court of Appeals issued a decision overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.,* Ex. 6).

Petitioner, through counsel, timely appealed to the Supreme Court of Ohio, narrowing his claims to the following three propositions of law:

1. A TRIAL COURT ABUSES ITS DISCRETION WHEN IT ALLOWS THE STATE TO IMPEACH ITS OWN WITNESS BY MEANS OF A PRIOR INCONSISTENT STATEMENT WITHOUT A CLEAR SHOWING OF BOTH SURPRISE AND AFFIRMATIVE DAMAGE.

2. WHEN THE REMARKS OR ACTIONS OF THE PROSECUTOR IN A MURDER CASE ARE IMPROPER AND PREJUDICIALLY AFFECT THE SUBSTANTIAL RIGHTS OF AN ACCUSED, PLAIN ERROR RESULTS WHEN THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT.

3. WHEN EVIDENCE PRODUCED AT TRIAL DOES NOT SUPPORT A JURY CHARGE ON COMPLICITY, CLEAR ERROR RESULTS, AS THE INSTRUCTION OPERATES TO RELIEVE THE STATE OF ITS BURDEN TO PROVE EVERY ELEMENT OF THE OFFENSE CHARGED.

(*Id.,* Ex. 7).  On February 14, 1996, the Supreme Court of Ohio denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 9).

On September 20, 1996, petitioner filed a *pro se* petition to vacate or set aside sentence pursuant to Ohio Rev. Code § 2953.21 in the Hamilton County Court of Common Pleas based on a claim that he was innocent.  (*Id.,* Ex. 10).

On October 7, 1996, the state trial court denied petitioner's petition because it was not supported by evidentiary documents and a claim of actual innocence is not a constitutional claim that may be raised in a post-conviction petition. (*Id.,* Ex. 12). Petitioner did not appeal the trial court's decision.  (Doc. 4, Brief at 6).

On April 24, 1997, petitioner brought a *pro se* action for habeas corpus relief in this Court.  (*Id.,* Ex. 23).  His petition, as amended nearly one year later, raised the following grounds for relief:

**Ground One:** Petitioner claims the trial court erred to the extreme prejudice of him, when it instructed the jury on aiding and abetting without any supporting evidence and without evidence ever having been adduced at trial to support such instruction, as a result, the instruction did operate to relieve the state of its burden of proof of every element of the offense charged, in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

**Ground Two:** Petitioner claims the trial court erred to his prejudice substantially and in violation of his rights to due process of law under the United States Constitution and Ohio Constitution by denying the petitioner's Rule 29 motion, and by entering a judgment of conviction for murder for the reason that there was insufficient evidence produced at trial to support his conviction for that offense. Petitioner claims the judgment of his conviction for murder is contrary to the manifest weight and sufficiency of the evidence.

**Ground Three:** Petitioner claims that he was denied the rights of due process, to a fair trial and against cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution, the Sixth Amendment and Article I, Section 10 of the Ohio Constitution, when the trial court refused to instruct the jury on the lesser included offense of involuntary manslaughter.

**Ground Four:** The trial court committed plain error to the prejudice of the petitioner by permitting the prosecution to make improper and prejudicial comments and arguments, and by permitting the prosecution to comment on matters outside and unsupported by evidence of trial, in direct violation of petitioner's rights under the Eighth and Fourteenth Amendments of the United States Constitution.

**Ground Five:** Petitioner claims he was deprived of his right of due process, to a fair trial and against cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 and 16 and Article I, Section 9 of Ohio Constitution and the Sixth Amendment of the United States Constitution, respectively, when the trial court refused to instruct the jury on the petitioner's defense of accident.

**Ground Six:** The petitioner claims the trial court erred to the substantial prejudice of him by allowing the prosecutor to impeach his own witness in direct violation of Ohio Evidence Rule 607.

(*Id.,* Ex. 24).  Petitioner then filed a motion for continuance, or, in the alternative, a motion to dismiss his petition without prejudice so that he could exhaust his state court remedies.  (*Id.,* Doc. 25).  Pursuant to Fed. R. Civ. P. 41(a)(2), on June 2, 1998, the district court dismissed the petition without prejudice under the following terms and conditions:

In order to avoid potential statute of limitations issues arising from the dismissal of the action without prejudice, the one year period in which a habeas corpus action must be commenced pursuant to 28 U.S.C. § 2244(d) shall be TOLLED effective April 17, 1997, the date the instant habeas corpus petition was received by this Court for filing.  The tolling of the limitations period is conditioned on petitioner's pursuing his state remedies within thirty (30) days of the date of filing of this Order and on petitioner's filing a renewed petition for writ of habeas corpus with this Court within thirty (30) days after exhausting such state remedies.

(*Id.,* Ex. 26).

On July 9, 1998, petitioner filed a second post-conviction petition in the Hamilton County Court of Common Pleas reiterating the claims that he had raised on direct appeal to the Ohio Court of Appeals, with the exception of his ineffective assistance of trial counsel claim.  (*Id.,* Ex. 13). On August 4, 1998, the judge dismissed the petition as untimely, finding that there was no justification for the late filing, and, further, that petitioner had raised the issues in his direct appeal. (*Id.,* Ex. 16).  Petitioner did not pursue an appeal of the trial court's decision.  (*Id.,* Brief at 7).

On May 1, 2002, nearly four years after the federal district court dismissed his federal habeas corpus action, and over six years after the completion of his direct appeal, petitioner filed a delayed motion to reopen his appeal pursuant to Ohio App. R. 26(B). (*Id.,* Ex. 17).  In his motion, petitioner raised the following claim:

> Appellate counsel Timothy J. Deardorff rendered constitutionally
> ineffective assistance of counsel during this appeal as of right where he
> failed to advise appellant that he could request a timely reopening of
> the appeal within 90 days based upon a claim of ineffective assistance
> of appellate counsel and during the process itself where he failed to
> recognize, argue and brief the fact that appellant's conviction was
> secured in violation of the double inference rule which would be
> classified as a "dead bang winner" in violation of appellant's absolute
> right to procedural due process of law.

(*Id.* at 2). As cause for his untimely filing, petitioner argued that his appellate counsel failed to inform him in a timely manner that he could file an application for reopening and that counsel also failed to provide him with the trial court record. (*Id.* at 7-8).

On September 17, 2002, the Ohio Court of Appeals overruled petitioner's motion to reopen the appeal, finding that petitioner failed to show good cause for the untimely filing of his application. (*Id.,* Ex.19). The appellate court explained its decision, as follows:

> App.R. 26 (B) requires that an application to reopen an appeal
> be filed with the court of appeals within ninety days from the date on
> which the appellate judgment was journalized, unless the applicant can
> show good cause for filing at a later time. This court's judgment was
> journalized on September 27, 1995, and the appellant filed his
> application to reopen his appeal on May 1, 2002; therefore, the
> appellant filed his application well after the ninety-day period had
> expired.

> The appellant asserts that the filing delay was justified, because
> counsel appointed to represent him in his direct appeal failed to
> provide him with the record of the proceeding at trial or to advise him
> of the ninety-day deadline for seeking relief under App.R. 26(B).
> These arguments fail.

> Appellate counsel's failure to provide the appellant with the trial
> record did not constitute good cause for the filing delay, because the
> claimed deficiency in counsel's performance on appeal did not require

7

a transcript to be identified. *See State v. Bell,* 73 Ohio St.3d 32, 34, 1995-Ohio-314, 652 N.E.2d 1919; accord *State v. Houston,* 73 Ohio St.3d 346, 1995-Ohio-317, 652 N.E.2d 1018.  Moreover, the appellant had no right to counsel to assist him in filing his application to reopen his appeal, *see State v. Dennis,* 86 Ohio St.3d 201, 1999-Ohio-94, 713 N.E.2d 426, and neither the appellant's ignorance of the law nor his misplaced reliance upon counsel excused him from ensuring that his application was timely filed.  *See State v. Pierce,* 74 Ohio St.3d 453, 1996-Ohio-20, 659 N.E.2d 1252, *State v. Reddick,* 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E. 2d 784; *State v. Sizemore* (1998), 126 Ohio App.3d 143, 145-146, 709 N.E.2d 943.

(*Id.*).  Petitioner sought leave to appeal further to the Supreme Court of Ohio, raising the following propositions of law:

> 1. THE COURT OF APPEALS ERRED AND ABUSED ITS DISCRETION IN OVERRULING THE MOTION TO REOPEN THE APPEAL IN THAT COURT WHERE THE COURT GRANTED A MOTION TO DISMISS AND SUMMARY JUDGMENT IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION.
>
> 2. THE COURT OF APPEALS ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT OVERRULED THE MOTION TO REOPEN THE APPEAL AS OF RIGHT WHERE THE PETITION RAISED A GENUIE [SIC] ISSUE THAT THE APPELLATE COUNSEL MAY HAVE BEEN INEFFECTIVE UNDER OHIO APPELLATE RULE 26(B)(1)(5) IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW UNDER THE OHIO AND UNITED STATES CONSTITUTION.

(Doc. 4, Ex. 20).  On December 27, 2002, the Supreme Court of Ohio dismissed the appeal "as not involving any substantial constitutional question."  (*Id.*, Ex. 22).

The instant petition for a writ of habeas corpus was stamped as "filed" on July 9, 2003.  (Doc. 1).  Petitioner alleges two grounds for relief with supporting

facts:

> **GROUND ONE:** DENIAL OF ABSOLUTE RIGHT TO
> PROCEDURAL DUE PROCESS OF LAW.
>
> **Supporting Facts:** Ohio Court of Appeals denied Petitioner his
> absolute right to procedural due process of law in denying his motion
> to reopen his appeal as of right where Petitioner made colorable
> showing of ineffective assistance of appellate counsel as cause for his
> untimely filing of application and State court rendered its decision
> without affording Petitioner his right to assistance and effective
> assistance of appellate counsel during the State court proceedings.
>
> **GROUND TWO:** INEFFECTIVE ASSISTANCE OF APPELLATE
> COUNSEL.
>
> **Supporting Facts:** Appellate counsel Timothy Deardorff rendered
> constitutionally ineffective assistance of appellate counsel where he
> failed to recognize, argue and brief in the Court of appeals the fact that
> Petitioner's conviction for murder violates the double inference rule
> where the prosecution's theory of liability was that Petitioner acted as
> an aider and abettor.

(*See id.*).

On September 9, 2003, respondent moved to dismiss the petition as time
barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as
amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996
(AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 4).  On August 16, 2004, the
undersigned Magistrate Judge issued a Report and Recommendation recommending
that respondent's motion to dismiss be granted as to ground two and denied as to
ground one.  (Doc. 12).  The Magistrate Judge ordered respondent to file a return of
writ with respect to ground one.  (Doc. 13).  On February 11, 2005, the District
Court adopted the Report and Recommendation.  (Doc. 22).

## OPINION

**I.  Petitioner is not entitled to habeas corpus relief with respect to his**

**remaining due process claim, asserted as ground one.**

In ground one of the petition, petitioner argues that he was denied due process of law when the Ohio Court of Appeals denied his application for reopening his appeal pursuant to Ohio R. 26(B) because it was filed too late, despite his "good cause" showing that counsel failed to inform him that such applications must be filed within ninety days  from the date on which the appellate judgment was journalized and without providing counsel to assist him in the Rule 26(B) proceedings.

In *White v. Schotten,* 201 F.3d 743 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000), cited by petitioner in his brief to the Supreme Court of Ohio,[1] the Sixth Circuit held that a federal habeas petitioner could argue as "cause" for his procedural default in failing to file a timely reopening application that he was denied effective assistance by an attorney representing him in the reopening matter because an application to reopen an appeal under Ohio R. App. P. 26(B) is part of a criminal's direct appeal, to which the Sixth Amendment right to counsel attaches.

Although *White* may be re-evaluated in a case currently pending before the Sixth Circuit for en banc decision, *see Lopez v. Wilson,* 355 F.3d 931 (6th Cir.), *vacated for rehearing en banc,* 366 F.3d 430 (6th Cir. 2004), to date, the Sixth Circuit has not overruled *White.*

However, an unpublished decision by a Sixth Circuit panel in a case involving a statute of limitations issue -- *Lambert v. Warden, Ross Correctional,* 81 Fed.Appx. 1, 8-10 (6th Cir. Sept. 2, 2003) (not published in Federal Reporter) --*,* and the Ohio courts' "overwhelmingly unfavorable" response to *White,* have raised doubts about *White*'s "continuing viability." *Eads v. Morgan,* 298 F.Supp.2d 698, 705, 707 (N.D. Ohio 2003); *see also Williams v. Bagley,* 380 F.3d 932, 972 (6th Cir. 2004) (without deciding the question, a Sixth Circuit panel noted that "this court continues to wrestle with the issue of whether the Rule 26(B) procedure implicates the Sixth Amendment right to counsel"), *cert. denied,* 125 S.Ct. 1939 (2005). Indeed, the Supreme Court of Ohio recently determined in express disagreement with *White* that an application for reopening of the appeal under Ohio R. App. P. 26(B) is a collateral post-conviction remedy rather than part of the direct appeal

---

[1] *See* Doc. 4, Ex. 20 at 5-6.

and, therefore, does not implicate constitutional concerns. *Morgan v. Eads,* 818 N.E.2d 1157 (Ohio 2004). This decision by the state's highest court raises serious concerns about *White*'s precedential value, particularly in light of the deference federal courts must accord to the state courts as "the final authority on state law" issues. *See Eads,* 298 F.Supp.2d at 707, 709.

In any event, this case is distinguishable from *White* because, based on his own admission, petitioner was not represented by counsel in the reopening matter. Petitioner, therefore, cannot claim as in *White* that any attorney error caused the untimely filing of his reopening application.

No court has extended *White*'s holding to require the appointment of counsel to assist in the initial filing of a reopening application or to find "good cause" for excusing an untimely filing based solely on the fact that the applicant did not have counsel to submit a timely reopening application. Indeed, the Ohio courts have unanimously held otherwise. *See, e.g., Eads,* 818 N.E.2d at 1160-61.[2]

This Court similarly refuses to extend *White* to this case, where petitioner was not represented by counsel in the filing of his reopening application and, therefore, cannot claim that his delay in filing was due to anything but his own negligence.

Accordingly, the Ohio court of Appeals' "good cause" determination did not deprive petition of any right to procedural due process that he might possess in a proceeding on an untimely-filed application under Ohio R. App. P. 26(B) to reopen the appeal. In conclusion, petitioner is not entitled to habeas corpus relief with respect to ground one.

---

[2] *See also State v. Gross,* No. 76836, 2005 WL 793141, at *1 (Ohio Ct. App. April 4, 2005) (and state cases cited therein); *State v. Collins,* No. 00AP-650, 2002 WL 77117, at *1 (Ohio Ct. App. Jan. 22, 2002) (unpublished) (and state cases cited therein); *State v. Marcum,* No. CA96-03-049, 2002 WL 42894, at *2-3 (Ohio Ct. App. Jan. 14, 2002) (unpublished), *appeal dismissed,* 766 N.E.2d 1003 (Ohio 2002); *State v. Dozier,* Nos. 56120, 56121, 2002 WL 42964, at *1-2 (Ohio Ct. App. Jan. 3, 2002) (unpublished) (rejecting the argument that counsel on direct appeal has an obligation under *White* to inform the defendant of his right to file a Rule 26 motion to raise a claim challenging that same counsel's effectiveness), *appeal dismissed,* 765 N.E.2d 877 (Ohio 2002); *State v. Bragg,* No. 58859, 2001 WL 1671424, at * 1 (Ohio Ct. App. Nov. 26, 2001) (unpublished) (and numerous state cases cited therein), *appeal dismissed,* 763 N.E.2d 1186 (Ohio 2002).

25

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be DENIED with prejudice.

2.  A certificate of appealability should issue with respect to petitioner's due process claim alleged in Ground One because reasonable jurists could debate whether this claim should have been resolved in a different manner and, alternatively, whether the issue presented in this ground for relief is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).  A certificate of appealability should not issue with respect to Ground Two in petitioner's petition, which this Court has concluded is barred from review on statute of limitations grounds, because "jurists of reason would not find it debatable as to whether this Court is correct  in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[3]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  July 22, 2005                      s/Timothy S. Black
hr   J:\ROSENBEH\2254(2005)\03-490reopendp.wpd         Timothy S. Black
                                          United States Magistrate Judge

---

[3]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in ground two of his habeas petition.  *See Slack,* 529 U.S. at 484.

12

# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

Michael Jones,
      Petitioner

     vs.
                            Case No. 1:03cv490
                            (Watson, J.; Black, M.J.)

Anthony J. Brigano,
      Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).